**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Cr. No. 06-059ML** |
| | : | |
| **GARY HICKS** | : | |

## GOVERNMENT'S NOTICE PURSUANT TO FED.R.EVID. 404(b)

To the extent the following evidence is not intrinsic to the offenses charged, the government hereby gives notice of its intent to introduce the following evidence in the trial of United States v. Gary Hicks:

1. On January 4, 2006, GARY HICKS sold $100 worth of "crack" cocaine to an individual cooperating with the Newport Police Department.

2. On or about July 6, 1992, GARY HICKS, was convicted in Newport County (Rhode Island) Superior Court (case number N2/92-0310A) of manufacture and delivery of a controlled substance.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

SANDRA R. BECKNER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2006, a copy of the within "Government's Notice Pursuant to Fed.R.Evid. 404(b)" was mailed, postage prepaid, to Mr. Joseph DeCaporale, The Calart Tower, 400 Reservoir Avenue, Providence, RI 02907.

Lisa M. Steele [signature]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. NO. 06-059ML** |
| | : | |
| **GARY HICKS** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S NOTICE PURSUANT TO FED.R.EVID. 404(b)**

The defendant, GARY HICKS, is charged with two counts of possession with the intent to distribute cocaine base. Pursuant to Fed.R.Evid. 404(b), and to the extent its not intrinsic, the government seeks to introduce evidence that the defendant distributed "crack" cocaine on January 4, 2006, and that the defendant has a prior drug trafficking conviction.

**FACTS**

The defendant's charges stem from two sales of "crack" cocaine to an individual cooperating with the Newport Police Department on January 14, 2006 and January 27, 2006. The charged distributions bear a striking similarity to the January 4, 2006 distribution of "crack" cocaine that the government seeks to introduce into evidence.

In all three instances, the government used the same cooperator to purchase "crack" cocaine from the defendant, with Detective Matoes, Detective Macioci and others conducting surveillance. The January 4, 2006 distribution also involved the same general area, namely the Park Holm housing project, as

the charged offenses.[1] Furthermore, the defendant utilized the same street name, "G," and the same phone number, 885-2509, as he used in the other offenses.

## ARGUMENT

The government contends evidence of the January 4, 2006 distribution is intrinsic to the offenses charged because it shows the relationship between the cooperating individual and the defendant. That is, the January 4, 2006 distribution established a relationship of trust between the defendant and the cooperator that ultimately led to the larger sales of "crack" cocaine on January 14, 2006 and January 27, 2006.

To the extent this evidence is not intrinsic to the charged offenses, it is offered to prove the defendant's intent. See United States v. Landrau-Lopez, 444 F.3d 19, 23-24 (1st Cir. 2006) (allowing testimony regarding the defendant's prior drug dealings with a witness to show knowledge and intent); United States v. Manning, 79 F.3d 212, 217 (1st Cir. 1996) ("[W]hen charges of drug trafficking are involved, this court has often upheld the admission of evidence of prior narcotics involvement to prove knowledge and intent.").

Additionally, should the defendant raise the defense of mistaken identity, the evidence of the defendant's January 4,

---

[1] The distribution on January 27, 2006 occurred at Tonomy Hill housing project; however, the defendant was then followed to Park Holm housing project.

2006 distribution is material to identity. <u>See</u> <u>United States v. Washington</u>, 434 F.3d 7, 12 (1st Cir. 2006) (allowing an officer to testify to an uncharged stop and arrest of the defendant who was utilizing the same alias and arrested in the same location as the charged offense). Testimony regarding the January 4, 2006 distribution, not only reinforces the officers' ability to identify the defendant, but it connects the defendant to Park Holm, a location associated with all three of the distributions; the use of the street name, "G," the dealer's street name in all three distributions; and, the phone number 885-2509, the phone number used to contact the dealer in all three distributions. <u>See</u> <u>id.</u>

Likewise, the defendant's prior drug trafficking conviction is relevant as to his intent and motive to distribute "crack" cocaine. <u>See</u> <u>Landrau-Lopez</u>, 444 F.3d at 24; <u>United States v. Hadfield</u>, 918 F.2d 987, 995 (1st Cir. 1990) (affirming the district court's decision to admit the defendants' prior drug convictions because such convictions were probative of knowledge, intent and the working relationship between defendants).

## CONCLUSION

For the foregoing reasons the government contends that the above described acts are relevant to an issue other than character, and admissible into evidence pursuant to Fed.R.Evid. 404(b).

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

SANDRA R. BECKNER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2006, a copy of the within "Memorandum of Law in Support of Government's Notice Pursuant to Fed.R.Evid. 404(b)" was mailed, postage prepaid, to Mr. Joseph DeCaporale, The Calart Tower, 400 Reservoir Avenue, Providence, RI 02907.

Lisa M. Lee6